IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DIAMOND OFFSHORE DRILLING LTD.** | § | C.A. NO. 4:12-CV-1335 |
| | § | |
| VS. | § | |
| | § | [Rule 9(h) – Admiralty] |
| **SEABULK OFFSHORE DO** | § | |
| **BRASIL, LTDA. and SEABULK** | § | |
| **INTERNATIONAL, INC.** | § | |

### SEABULK INTERNATIONAL, INC.'S
### ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COMES**, Defendant Seabulk International, Inc. pleading and preserving the defenses of Federal Rule of Civil Procedure 12(a)-(7) and for an answer to the First Amended Complaint of Plaintiff, Diamond Offshore Drilling Ltd., respectfully avers as follows:

### I.
### FIRST DEFENSE

This Court does not possess personal jurisdiction over Seabulk to adjudicate the claims asserted in Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

### II.
### SECOND DEFENSE

The Southern District of Texas is an improper venue to adjudicate the claims asserted in Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and the doctrine of *Forum Non Conveniens*.

### III.
### THIRD DEFENSE

Plaintiff has failed to state a cause of action for which relief may be granted.

## IV.
## FOURTH DEFENSE

Now answering the individually numbered paragraphs of Plaintiff's First Amended Complaint, Seabulk Answers as follows:

1.

Seabulk admits the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint except to deny the existence of personal jurisdiction.

2.

Seabulk denies the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.

Seabulk denies the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint for a lack of sufficient information to justify a belief therein.

4.

Seabulk denies the allegations contained in Paragraph 4, including its subparagraphs, of Plaintiff's First Amended Complaint except to admit that Seabulk Offshore do Brasil Ltda. is a foreign entity; Seabulk International, Inc. is a Delaware corporation with its principal place of business at 2200 Ellier Dr., Fort Lauderdale, Florida 33316; and the SEABULK BRASIL was operated by Seabulk Offshore do Brasil Ltda.  Seabulk specifically denies Seabulk Offshore do Brasil Ltda. can be served in this suit by serving an officer/registered agent of Seabulk International, Inc.

5.

Seabulk denies the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint except to admit that a collision occurred between the SEABULK BRASIL and MODU OCEAN YATZI on January 29, 2009.

6.

Seabulk denies the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.

Seabulk denied the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.

Seabulk avers that the unnumbered concluding Paragraph of Plaintiff's First Amended Complaint is in the form of a prayer for which no response is necessary; however, out of an abundance of caution, any allegations are denied.

**V.**

**FIFTH DEFENSE**

The damages of which Plaintiff complains were the result of preexisting conditions unrelated to the collision of January 29, 2009 or developed by Plaintiff subsequent to the event made the basis of this action.

**VI.**
**FOURTH DEFENSE**

The acts or omissions of third parties for whom Seabulk is not responsible were the legal, sole, proximate, intervening, superseding and/or new and independent cause of Plaintiff's alleged damages.

## VII.
## FIFTH DEFENSE

The damages allegedly suffered by Plaintiff were caused or contributed to in whole or in part by unavoidable accident, Act of God and/or conditions of tide, wind, weather, or other inevitable hazard or peril of the sea and/or by inscrutable fault.

## VIII.
## SEVENTH DEFENSE

Plaintiff has failed to mitigate its damages.

## IX.
## NINTH DEFENSE

Plaintiff has failed to file suit prior to the expiration of the applicable statute of limitations or laches and is time barred from bringing the instant suit.

**WHEREFORE**, Defendant, Seabulk International, Inc. prays that its affirmative defenses be granted or, alternatively, after due proceedings be had, this Honorable Court grant judgment in favor Defendant dismissing the claims of Plaintiff with prejudice at plaintiff's cost; and that Defendant be awarded such other relief as may be warranted at law or in equity.

Respectfully submitted,

LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.

*/s/James T. Brown*
**James T. Brown**
TBA No. 03138150
6363 Woodway, Suite 400
Houston, Texas 77057
Telephone 713-917-0888
Facsimile 713-953-9470
jimbrown@leggefarrow.com
**ATTORNEY FOR DEFENDANT**
SEABULK INTERNATIONAL, INC.

-5-

OF COUNSEL
**LEGGE, FARROW, KIMMITT, McGRATH & BROWN, L.L.P.**
Andrew M. Stakelum
TBA No. 24072362
6363 Woodway, Suite 400
Houston, Texas 77057
Telephone 713-917-0888
Facsimile 713-953-9470
astakelum@leggefarrow.com

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on this 5th day of June, 2012 to all counsel of record via this Court's Electronic Document Filing System:

                                               /s/ *__Andrew M. Stakelum__*
                                                Andrew M. Stakelum